STATE ex rel. MILTON McNEILL v. JAMES F. SOMERS.

*Officers—County Commissioners.*

1. Whether the duty of the County Commissioners of inducting persons who have received a certificate of election into office, is merely ministerial or not; *quære*, but if the commissioners refuse to induct one who is plainly ineligible, the Courts will not compel them to do so, and thus put one into an office which he cannot constitutionally hold.

2. The right given by the statute to a sheriff to collect the taxes for which he is accountable, after he has gone out of office, does not bring him within the inhibition of Art. 14, §7, of the Constitution, so as to render him ineligible to hold another office.

3. Where the statute imposes certain duties to be performed by an officer after the expiration of the term of office, their performance does not constitute a place or office of trust or profit so as to disqualify the former officer from holding another office at the same time.

(*Worthy* v. *Barrett*, 63 N. C., 199; *Morton* v. *Ashbee*, 1 Jones, 312; *Jones* v. *Arrington*, 91 N. C., 125; *Doyle* v. *Raleigh*, 89 N. C., 133; *In re Martin*, Winston, 153; cited and approved).

CIVIL ACTION, in the nature of *quo warranto*, tried before *Boykin, Judge,* on a case agreed, at Spring Term, 1887, of WILKES Superior Court.

This action, brought with leave granted by the Attorney General, by the relator, under *The Code,* §608, is to try title to the office of clerk of the Superior Court of Wilkes county, to amove the defendant therefrom, upon an alleged usurpation, and to secure the plaintiff's induction, was tried at March Term, 1887, upon the following case agreed :

1. The relator, Milton McNeill, and the defendant James C. Somers, were candidates for the office of Clerk, in 1886, and both were voted for at the election held on the 4th of November of that year. McNeill received a majority of the qualified votes, and on the 6th of November was declared duly elected for four years from and after the first Monday in December, 1886, by the Board of Canvassers.

2. On the first Tuesday in November, 1884, McNeill was elected sheriff of Wilkes county, and on the first Thursday thereafter, declared by the canvassers to have been duly elected to said office for two years from the first Monday in December, 1884, on which day he appeared before the county commissioners, filed bonds as required by law, and was inducted into the office of sheriff. On the first Monday in December, 1885, he appeared again before the commissioners and renewed his official bonds—one being the bond for collection of State and county taxes ; and on the 1st of September, 1886, as sheriff, he received the tax books for taxes levied for the year 1886, with authority from the board of commissioners to collect the same. On the first Monday in December, 1886, and at the time of election, and also at the time he appeared to qualify, he held the said tax books, and was actually engaged in collecting the taxes, a large portion of which was at said date uncollected.

At the November election, 1886, one John E. McEwen was elected sheriff for two years from the first Monday in Decem-

ber, 1886, at which latter date he appeared and tendered the required bonds to the Board, which were accepted, and he qualified as sheriff, and was inducted into the office on that day, which office he still holds and exercises.

4. On the same day, to-wit, the first Monday in December, 1886, the relator, McNeill, appeared before the Board of county commissioners, and produced a certificate of the clerk of the Board of Canvassers, which declared he had been elected clerk of the Superior Court for four years; tendered his official bond in the penal sum of ten thousand dollars, with proper conditions for a bond of the clerk of the Superior Court, signed by himself as principal, and others as sureties, and justified to over the sum of forty thousand dollars, and asked to be qualified and inducted into office; that said Board considered the application and declined to allow the same, and rendered the following order, setting forth their reasons for declining:

" In the matter of Milton McNeill: This case being heard on the application of M. McNeill to be inducted into the office of clerk of the Superior Court of Wilkes county, he having been declared to be duly elected by the Canvassing Board, on the 4th of November, 1886; and it appearing that said Milton McNeill did, as sheriff of Wilkes county, on the first Monday in December, 1885, execute a good and sufficient bond for the collection of State and county taxes due for the year 1886, and that his authority to collect the same had not terminated; it is therefore considered and adjudged by the Board of Commissioners of Wilkes county, that said McNeill is ineligible to the office of clerk, by reason of his being tax collector of Wilkes county, the same being an office or place of trust or profit within the meaning and purview of Article XIV., §7, of the Constitution of the State, which provides that no person can hold two offices or places of trust or profit at the same time. In other words, Milton

McNeill cannot be tax collector and clerk of the Superior Court of Wilkes county at one and the same time."

5. That said Board informed the resident Judge of the district (Judge Graves) of their action, who declared the office of clerk vacant, and appointed the defendant Somers to fill the vacancy until his successor should be duly chosen and qualified; and under this appointment, the defendant appeared before the Board on the first Monday in January, 1887, and tendered his bond, which was accepted, and he was duly qualified and inducted into the office of clerk of the Superior Court of Wilkes county, and continues to hold and exercise the same under said appointment, as he claims he has the right to do.

The Court gave judgment for the plaintiff, and the defendant appealed.

*Messrs. D. M. Furches* and *R. F. Armfield*, for the plaintiff.
*Messrs. Jos. B. Batchelor, John S. Cranor* and *John Devereux, Jr., (Mr. G. N. Folk* also filed a brief,) for the defendant.

SMITH, C. J., (after stating the facts). In the constitutional amendments adopted in 1835, by a ratifying popular vote, is the following: " No person who shall hold any office or place of trust or profit under the United States or any department thereof, or under this State, or any other State or government, shall hold or exercise any other office or place of trust or profit under the authority of this State, or be eligible to a seat in either house of the General Assembly,"— with a *proviso* exempting officers in the militia, and justices of the peace from its operation; Art. IV., §4. This was omitted in the superseding Constitution of 1868, and a brief declaration substituted, that " no person shall hold more than one *lucrative* office under the State at the same time," with an extension of the *proviso* to certain commissioners; Art. XIV., §7. But it was replaced, as now found in the

organic law, by the action of the General Assembly in 1873 ; Acts 1872–'73, ch. 88.

It was under a supposed incompatibility of the office to which the relator had been elected, with the functions he retained and was exercising in the collection of taxes, that induced the Board of Commissioners to refuse to admit him to the office of clerk, and to certify to the Judge their action in the premises, in consequence of which, as a declared vacancy, the defendant was appointed to fill it.

In *Worthy* v. *Barrett*, 63 N. C., 199, the commissioners in a similar manner, refused to induct the plaintiff into the office of sheriff to which he had been regularly elected, because of the disability imposed by the 14th amendment made to the Constitution of the United States, and a remedy was sought in the writ of mandamus. In commencing the opinion, READE, J., who spoke for the Court, uses this language: "It is insisted for the petitioner, that the county commissioners of Moore county have no power to inquire as to his qualifications; that their duty is to administer to him the oath prescribed by law, and to receive his bond; that their duty is merely ministerial, and involves the exercise of no discretion, and that the Court will enforce its performance by mandamus, and leave the petitioner's right to hold the office to be tested by proceedings under a *quo warranto*. The solemn act of administering an oath and inducting into office, *may not be merely ministerial*. But if it were, the Court will not compel them to do wrong, if it be clear that they did right."

Accepting this ruling, that whether the authority assumed by the commissioners to pass upon the qualifications of the relator be rightful or not, when the facts are not disputed or are plainly manifest, the Court will not by its action put him in a place he cannot lawfully hold, our only present inquiry is, as to his competency under the clause of the Constitution recited, to enter upon and discharge the duties of

clerk, when exercising the function of collecting the taxes on the list delivered to him while he was sheriff. We do not so interpret the law, nor, in our opinion, does the prolonged authority, given by statute, to proceed in the collection of taxes for which he is accountable, after the expiration of the term of office, constitute an " office or place of trust or profit" according to the true meaning of those words. The office of sheriff was then filled, or about to be filled, by a newly elected successor, and the relator's term had expired. He was no longer "*in office*" nor did he occupy a "*place of trust or profit,*" but was simply engaged in completing an unfinished duty, which survived the termination of the office before held.

The continued right to coerce payment of unpaid taxes, after, as before the determination of the office, may be, and indeed is, the correlative of the obligation to account for what is on the tax list, that is, of an *official duty*, but it remains detached from the office to which it was incident, a separated function, but it is not itself an office or place of trust or profit. There can be but one incumbent of a single office, and the one term being ended, the other is filled by a successor. The distinction is between the office, and the prolonging of the exercise of one of its functions after its determination for all other purposes.

Thus the sureties on the sheriff's bond are allowed, in case of his death during the time appointed for collection, to proceed to collect, and are for this purpose invested with the same powers and means for coercing payment. Acts of 1885, ch. 177, §55.

Numerous enactments, indeed they are common at every session of the General Assembly, extend the time and prolong the power to collect arrears from delinquent tax-payers for several years, and this right has been conferred upon an administrator of a deceased sheriff, and the validity of the act sustained, in *Morton* v. *Ashbee,* 1 Jones, 312. See also

*Jones* v. *Arrington*, 91 N. C., 125, where the subject is fully discussed.

Now, in these cases, will it be seriously contended that the sureties or the personal representative, when exercising the bestowed function of collecting, are in an office or place of trust or profit? So, where the sheriff shall go out of office before executing a deed conveying property sold under execution, he may still make it. But this retained power does not make him an officer. So in numerous other cases of extended authority to exercise some official function after the termination of the office,—that is, to discharge some assumed but uncompleted duty.

What is meant by "places of trust or profit" in the Constitution, is considered in *Doyle* v. *Raleigh*, 89 N: C., 133; and we do not propose to add to what is there said.

The incompatibility of the duties appertaining to the office of clerk and that of tax collecting, is urged in the well considered brief prepared by counsel for the defendant. But conflicts, if such they may be called, of this kind, are not uncommon, and hence deputies are allowed to aid in the performance of ministerial duties merely. But this does not make the functions so incompatible as to obstruct the entry into office, as was held *In the matter of Martin*, Appendix Wins. Rep., 153.

There is no error. This will be certified to the Superior Court of Wilkes.

No error.                                        Affirmed.