The People of the State of New York ex rel. Fred A. Russell, Relator, v. The Board of Fire Commissioners of the Village of Saratoga Springs, Respondent.

*Certiorari — title to office — appointment and removal by a municipal board — village of Saratoga Springs — appointment of the same person to two positions in the fire department — removal from one position.*

While it is not the office of a writ of certiorari to try title to office, yet, where the relator seeks to be restored to an office from which he has been removed by a municipal board the proceedings of which he seeks to review, he must, to entitle himself to relief, show a legal title to the office; if he does not do this it is of no consequence how informal or irregular the proceedings of the board may have been.

If it appears upon the face of the papers, in proceedings by certiorari to review the action of a municipal board in removing the relator from an office to which he seeks to be restored, that the relator was never entitled to the office, then he is not "a person aggrieved by the determination to be reviewed," and is, therefore, not entitled to the writ.  (Code Civ. Proc. § 2127.)

The law does not favor the multiplication of offices in one person, and where they are inconsistent with each other, or where such multiplication has a tendency to impair the public service, it will be held that the occupant must surrender the one or the other office, if both appointments were conferred upon him at the same time ; or, if they were conferred at different times, the acceptance of the one last made forfeits the first.

The intention of the provision of the charter of the village of Saratoga Springs (Laws of 1866, chap. 220, § 26, as amended by Laws of 1887, chap. 322, § 1), that the board of fire commissioners shall have power to appoint "a chief engineer, an assistant engineer, * * * four or more firemen, not to exceed eight men for a hook and ladder company," etc., and affixing different salaries to the several positions, is that the several positions shall be held by different persons.

Appointments by such board of fire commissioners, of the same person to the two positions of "assistant chief engineer" and "fireman," impair the public service, are contrary to the spirit of the statute, and void; and when this appears upon the face of the papers filed in return to a writ of certiorari issued to review the proceedings of the board in removing the relator from one of the two positions, and to obtain a reinstatement, the writ should be quashed, for the reason that the relator does not show that he was legally appointed to the office to which he seeks to be restored.

Certiorari to review the proceedings of The Board of Fire Commissioners of the village of Saratoga Springs, had on May 8, 1893, removing the relator from the office of assistant chief engineer of the fire department of the village.

The writ of certiorari was allowed and issued on the 6th day of June, 1893.

*A. W. Shepherd,* for the relator.

*J. F. Swanick* and *J. T. Brusnihan,* for the respondent.

HERRICK, J.:

By section 26 of chapter 220 of the Laws of 1886, as amended by section 1 of chapter 322 of the Laws of 1887, the board of fire commissioners of the village of Saratoga Springs has power to make the following appointments: " A chief engineer, an assistant engineer, and a superintendent of the fire alarm telegraph, at a salary to be fixed by them, but not to exceed $1,000 per annum for the chief engineer, $125 per annum for the assistant engineer, and $600 per annum for the superintendent of the fire alarm telegraph. They shall also have power to employ, on such terms as they shall think best, four or more firemen, not to exceed eight men for a hook and ladder company, and not to exceed twenty men for a hose company. The compensation of such firemen shall not exceed $600 each per annum."

On the 1st day of April, 1893, the defendants, the board of fire commissioners, appointed the relator assistant chief engineer of the fire department, which appointment was accepted by the relator; on the same day, by a separate and distinct certificate of appointment, the said board of fire commissioners also appointed the relator a fireman of the fire department for a term of one year, at an annual salary of $600, payable monthly, which appointment was also accepted by the relator; both such appointments and acceptances were in writing, and the acceptances signed by the relator; each appointment was for the term of one year, to commence May 1, 1893. At a meeting of the board of fire commissioners, held on the 1st day of May, 1893, the following resolution was adopted:

" WHEREAS, it appears that Fred A. Russell is at the present time doing the work of two men, viz., that of permanent fireman and assistant chief engineer of the fire department, and it appearing that the two positions being too much work for one man to perform, be it resolved, that the said Russell be commanded to show cause, before a meeting of this board, to be held on the eighth day of May, 1893,

at 7.30 o'clock, P. M., why he should not be removed from the position of assistant chief engineer of the fire department of the village of Saratoga Springs."

The clerk of the board was directed to serve a copy of such resolution upon the relator, and it was served upon him on the 2d day of May, 1893.

On the 8th day of May, 1893, at a meeting of said board of fire commissioners, the subject-matter of such resolution came up, and the relator appeared by his attorney, who objected to any proceedings looking to the removal of the relator upon the ground " that there have been no charges of unfitness in his office presented against him, and no charge shown why he should be removed, and, therefore, the board has no power to remove him."

The relator also presented a further communication which, after reciting his appointments, and claiming that since that time he has done nothing and omitted nothing, appertaining to the duties of the office, which calls for his removal, states " that he has not performed two men's work since such appointment, and is not now nor was at the time of such resolution; that the work he has performed at the central house is in the line of and not inconsistent with the duties of his office and does not conflict with it in any way; that when not on active duty as assistant chief he has taken part in the general work of the house, and when the chief has been absent he has assumed the duties of his office and performed them, and been at the house at all times during such absence, ready to act in case of fire, in the same manner that the duties of the office of assistant chief were performed by William Fitzgerald during the year just passed.

" He further says, that by the arrangement now in force and commencing with the appointment of William Fitzgerald, the assistant chief is a man on duty at the central house the same as the chief and ready for duty at the sound of the alarm, and not as was the case before the assistant chief was not one of the permanent firemen, a man liable to be in any part of the town and liable also to miss the alarm, and so be late at a fire or not get there at all.

" The undersigned, therefore, respectfully urges that there is no ground for his removal from the office on the grounds alleged in the resolution."

After hearing the relator's counsel orally the board of fire commissioners by resolution removed the relator from the office of assistant chief engineer, and by another resolution appointed another person to said office in his place and stead.

The relator then commenced these proceedings by certiorari for a review of the proceedings of the board of fire commissioners upon his removal and for his reinstatement in said office of assistant chief engineer.

To entitle the relator to the relief he seeks he must show a clear, legal right to the office in which he seeks to be reinstated; it is of no consequence how informal or irregular the proceedings of the board may have been, if he is not legally entitled to the office. If he was not legally holding the office the board could dismiss or drop him from the roll without a trial, and if they wrongfully did so, he, being in fact legally appointed to and holding the office, would have his remedy for restoration by mandamus. (*People ex rel. McTigue v. Manning*, 16 N. Y. Supp. 604; *People ex rel. Kopp v. French*, 102 N. Y. 583–586.)

While it is not the office of a writ of certiorari to try title to office, yet, I think, in a case of this kind, where the relator seeks to be restored to office, he must show his title to it, for the Code provides (§ 2127, Code Civ. Proc.): That "an application for the writ must be made by or in behalf of a person aggrieved by the determination to be reviewed," and if it appears upon the papers that the relator was never entitled to the office from which it is claimed he has been removed, then he has not been aggrieved by the determination he seeks to review, and is not entitled to the writ.

As we have seen, the statute provides that the board of fire commissioners shall have power to appoint a chief engineer, an assistant engineer and four or more firemen.

It seems to me that by that it intended to provide for a specific number of persons; that it had in view the needs of the department and the number of persons necessary to perform its duties. When the law provided for a chief engineer, assistant engineer and four firemen, it appears to me that it contemplated that those positions should be held by different persons, and that when the board conferred more than one of the appointments authorized to be made upon one person it was contrary to the intent of the statute.

I think it is apparent, not only from the title of the office, but from the salary fixed by the statute, as compared with the others, that the assistant engineer was only expected to act in the absence or disability of the chief engineer, and it contemplated that the chief engineer should have at least four firemen to assist him, that being the minimum number authorized to be appointed.

In the event of the disability from any cause of the chief engineer, the assistant engineer, acting in his place and stead, if he is at the same time a fireman, would have only three firemen to assist him, and to that extent the department would be crippled and its efficiency impaired.

The law does not favor the multiplication of offices in one person, and where they are inconsistent with each other, or where such multiplication has a tendency to impair the public service, it will be held that the occupant must surrender the one or the other, if both appointments were conferred upon him at the same time, or if they were conferred at different times, the acceptance of the one last made forfeits the first.

It is to be presumed that the Legislature intended to provide for such offices as were necessary for the public service, and in fixing a minimum number, that it determined that that number, at least, was necessary for the efficient performance of the duties imposed upon the department, and any diminution of that force, by conferring the offices and emoluments of more than one office upon one person, impairs and cripples the public service, and is contrary to the intent and spirit of the statute, and is void.

It appears here on the face of the relator's petition that both these offices have been conferred upon and accepted by him; the first in order of appointment and acceptance was that of assistant chief engineer, and the second that of fireman; and it further appears that he is now discharging the duties of fireman, and presumably receiving compensation therefor, and it seems to me, therefore, that he does not show that he was legally appointed to the office to which he seeks to be restored, for if he was appointed to both of these offices at once such appointments were contrary to law, as we have seen, and his title to either is not clear; if it is held that in law they were made at different times, although on the same day, then his acceptance of the appointment of fireman, being the one last

made, forfeited the appointment of assistant chief engineer, and he was not legally entitled to hold it when removed, and, therefore, he is not aggrieved, within the meaning of the statute, by his removal therefrom, and is not entitled to the writ. The writ of certiorari should be quashed, with fifty dollars costs, and printing and other disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Writ of certiorari quashed, with fifty dollars costs, with printing and other disbursements.