ATTORNEY GENERAL, *ex rel.* MORELAND, *v.* MAYBURY.

1. QUO WARRANTO—ABANDONED OFFICE—REMOVAL BY COUNCIL—
   EVIDENCE—ADMISSIBILITY.
     On quo warranto to test respondent's right to a municipal office,
     where respondent relies on relator's abandonment of the
     office as creating a vacancy which he was appointed to fill,
     evidence of proceedings by the council to remove relator,
     which were pending when he left the State, is admissible on
     the issue of his intention when leaving, though the council
     proceedings were void.

2. OFFICERS—ABANDONMENT OF OFFICE—EFFECT.
     Voluntary relinquishment of an office by abandonment, which
     is to be ipso facto a vacation of the office, should be as well
     defined as other well-defined modes of voluntary relinquish-
     ment and should not be confounded with mere nonuser or
     neglect of duty which are grounds for proceedings against an
     officer, but do not of themselves produce a vacation of the
     office without judicial determination.  The intention to aban-
     don an office may be inferred, however, from the conduct of
     the officer, and where his acts and statements are such as
     clearly indicate absolute relinquishment, a vacancy is created
     and no judicial determination is necessary.

3. SAME—EVIDENCE—SUFFICIENCY.
     Evidence on the issue of abandonment of a municipal office
     examined, and *held*, that from his clandestinely leaving for

Mexico pending proceedings for his removal by the council, and making no claim to the office for 17 months after his return, the jury were authorized to find that the officer had abandoned his office, though he testified that when he left he had no such intention.

Error to Wayne; Rohnert, J. Submitted April 28, 1905. (Docket No. 194.) Decided July 21, 1905.

Quo warranto proceedings by Charles A. Blair, attorney general, on the relation of De Witt H. Moreland, against William H. Maybury to try the title to the office of commissioner of public works in the city of Detroit. There was judgment for respondent, and relator brings error. Affirmed.

*John J. Speed* (*A. J. Groesbeck*, of counsel), for appellant.

*Timothy E. Tarsney* and *P. J. M. Hally*, for appellee.

McALVAY, J. This is a proceeding by the attorney general, on the relation of De Witt H. Moreland, upon an information in the nature of a quo warranto against respondent, William H. Maybury, to test his right and title to the office of commissioner of public works of the city of Detroit.

In answer to the charge that he has usurped, intruded into, and unlawfully held and exercised this office, respondent set up in his plea and rejoinder that on June 28, 1903, said office became and was vacant, and respondent was appointed by the mayor to fill the vacancy for the unexpired term thereof, and took his oath of office, filed his bond, and entered upon the duties of said office, which he has exercised ever since; further, that relator was, by the common council of the city of Detroit, upon charges of malfeasance and neglect of duty in office, duly and lawfully removed from said office, and relator thereby ceased to be commissioner, and said office became vacant, whereupon respondent was duly appointed as aforesaid; and further,

that pending the hearing upon said charges, and before the appointment of respondent, relator voluntarily abandoned said office and departed out of this State, intending thereby to surrender and did surrender said office; that after such appointment, and the return of relator to Michigan, he recognized respondent's right to the office, knowing that he held and exercised the duties of said office, and during all the time since has made no claim or intention to claim said office until the filing of the information in this case.  The jury found generally that respondent was entitled to hold the said office of commissioner of public works, and to a special question submitted by the court as follows, " Did the relator, after his return to Detroit, voluntarily relinquish all claim to the office of commissioner of public works ? " the jury answered, " Yes."

Relator moved for judgment in his favor notwithstanding the verdict, for the reason that the evidence was not sufficient in law to sustain such verdict.  This motion was denied, and a judgment upon said verdict entered in favor of respondent.

The relator appeals to this court.  The errors assigned apparently relate to all of the testimony and evidence introduced in the case on the part of the respondent, to the charge of the court, and also the action of the court in denying the motion for a judgment in favor of relator notwithstanding the verdict.

It is clear that all of the proceedings taken by the committee of the common council in investigating charges against relator, and the action of said council upon the report of said committee in removing the relator from office, were not authorized by law, and were irregular and void; and, so far as such proceedings are concerned, they could not in any manner, and did not, operate to create a vacancy, or affect the relator's right and title to said office.

The case was not submitted to the jury upon the theory that the action of the common council created a vacancy, but upon the single question of abandonment of the office

141 MICH.—3.

by relator. On the part of respondent it was claimed that relator, during this investigation of the so-called charges against him by the committee of the council, and on June 20, 1903, without notice to his attorney who was acting for him, and before his examination as a witness had been completed, suddenly left Detroit. He did not notify the secretary of the department of public works, and the council received no notice. His private papers were all taken out of his office desk. The proofs also show that his baggage was sent to the depot, and he went by street car in the evening, and took the train at a suburban station; that he went to Mexico; that between the date of relator's return and the commencement of this suit, a period of 17 months, relator made no claim or demand upon respondent or the city authorities for this office or its emoluments, or attempted to perform any of its duties; that respondent was appointed to fill the vacancy June 28, 1903, and entered at once upon the duties of the office, and has so continued up to the present time. The claim of relator was that the council proceedings were irregular and void; that he left the State on account of ill health; that he wrote a notice to that effect to the council, which he left to be delivered to his attorney; that he never had an intention of abandoning his office, and had not done so; that his attorney came to Mexico, and informed him that a grand jury was to be called in Detroit, and he returned at once with him; that shortly afterwards he retained counsel for the purpose of regaining possession of his office. Documentary and oral testimony was presented by each party in support of these claims.

We do not think that the court erred in permitting the jury to consider the council proceedings as bearing upon the question of relator's intention when he left Detroit to abandon the office. The testimony of other witnesses showing the facts and circumstances incident to his leaving, and also testimony as to his acts and conduct after his return, as bearing upon the same question, were admitted in evidence. The court charged that this was the

only question in the case for the jury to consider.   Upon this view of the case, we think this testimony was properly admitted.   For this purpose it was proper to show not only what occurred just before he went away, but also what he did and said relative to this matter after he returned.   All of the authorities seem to be in accord in holding that an office cannot be abandoned without the intention, actual or imputed, of abandoning it; that voluntary relinquishment of an office by abandonment, which is to be ipso facto a vacation of the office, should be equally well defined as other well-defined modes of voluntary relinquishment, and should not be confounded with mere nonuser or neglect of duty, which would be grounds for proceedings against an officer, but do not of themselves produce a vacation of the office without judicial determination.   The intention to abandon an office may be inferred from the conduct of the party.   If his acts and statements are such as clearly indicate absolute relinquishment, a vacancy will thereby be created, and no judicial determination is necessary.   The question of the intention of the relator was a question of fact for the jury, who found against the relator; and the evidence, if believed by them, was sufficient to support such a finding.   The special question as to whether relator acquiesced in the occupancy of the office by respondent, submitted to the jury by the court, was answered in the affirmative.   It was submitted, as stated at the time, " for the guidance of the court, if the court thinks it is material in rendering judgment in the case."   This was in fact safeguarding the relator's rights, and it was not error to submit the question.

Relator contends that the evidence was not sufficient, in law, to sustain the general verdict in favor of respondent, and that notwithstanding such verdict the court should have entered a judgment for relator.   The question to be determined was whether the relator did or did not on the 20th of June, when he left Detroit, abandon his office.   The jury found that when relator left Detroit, June 20, 1903, he left with the intention of abandoning

said office, and rendered a general verdict for respondent. A vacancy having·been created by relator's abandonment of his office, the appointment of respondent by the mayor was regular and within his authority. The evidence was sufficient, in law, if believed by the jury, to sustain the verdict.

We find no error in the case. The judgment of the circuit court is affirmed.

MOORE, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.