THE STATE, EX REL. LOFLAND, v. JOSEPH L. HILTON, CHOSEN FREEHOLDER.

THE STATE, EX REL. LOFLAND, v. JOSEPH L. HILTON, SUPERVISOR OF HIGHWAYS.

Submitted July 8, 1910—Decided November 16, 1910.

Leave will be given to a taxpayer to file an information in the nature of a *quo warranto* in the name of the attorney-general to test the right of the respondent to hold an office if he has afterwards accepted an election to a higher incompatible office.

On rule to show cause why leave should not be granted to file information in nature of *quo warranto*.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the relator, *Carrow & Kraft.*

For the respondent, *Charles E. Merritt* and *Samuel K. Robbins.*

The opinion of the court was delivered by

GARRISON, J. These are two rules to show cause why leave should not be granted to the relator to file an information in the name of the attorney-general in the nature of a *quo warranto,* in the one case against Joseph L. Hilton, as a chosen freeholder of Burlington county, and in the other case against him as surveyor of the highways of said county.

The respondent is a member of the board of freeholders, and has been continuously since 1904. On May 15th, 1907, he was elected by the board, of which he was a member, supervisor of county roads for three years. His term being extended by the Meeker act until January 1st, 1911.

In November, 1908, he was re-elected a member of the board of freeholders and still continues in office.

The act of 1903, page 151, section 12, provides for the appointment by the freeholders of the supervisor, with bond to be approved by the board. He is subject to the supervision of the board; his salary is fixed by the board; he certifies bills for payment to the board, and it is not shown that when he was appointed, being present at the meeting, he did not vote for himself.

It is claimed by the relator that these offices are inconsistent, and we think that under *State* v. *Thompson, Spenc.* 689, these offices are incompatible; at least it is doubtful, and in such cases, leave will be granted.

The question then arises as to which writ the relator shall have leave to prosecute. He should not be allowed to prosecute both; he is a taxpayer, acting in behalf of the public and makes no claim to either office.

The respondent was a member of the board of chosen freeholders on May 15th, 1907, when he was elected supervisor of roads. He qualified as supervisor, and was so acting in November, 1908, when he was again elected a chosen freeholder, which latter office he still holds. The ordinary rule is that upon the acceptance of another office the first becomes vacant, if incompatible, and that a writ of *quo warranto* is the remedy to settle the question of incompatibility. *Oliver* v. *Jersey City,* 34 *Vroom* 643.

Sometimes the dignity of the two offices is regarded. In the present case the office to which the respondent was last elected was also the higher. We think therefore that leave should be given to file an information in a suit against the respondent as supervisor, and that such leave should be denied as to the office of freeholder.