STATE EX REL. KLICK, APPELLANT, *v.* WITTMER, RE-
SPONDENT.

(No. 3,419.)

(Submitted October 28, 1914.   Decided November 27, 1914.)

[144 Pac. 648.]

*Cities and Towns—Offices—When Incompatible—City Council
—Vacancies—How Filled.*

Offices—When Incompatible.
  1.   Offices are incompatible when the incumbent of one has power of
  removal over the other, or when one has power of supervision over the
  other, or when the nature and duties of the two render it improper, from
  considerations of public policy, for one person to retain both.

Same—Aldermen—City Purchasing Agent—Incompatible Offices.
  2.   *Held,* under the above rule, that the office of alderman and that
  of purchasing agent of a city were incompatible and that therefore one
  individual could not fill both at the same time.

Same—Vacancy—Implied Resignation.
  3.   As to an office which the incumbent may vacate by his own act, a
  resignation impliedly occurs upon his acceptance of another office
  incompatible therewith.

    [As to loss of one office by acceptance of another, see note in 86
  Am. St. Rep. 578.]

Same—City Council—Vacancy—Majority Vote—What Constitutes.
  4.   Where one member of a city council, consisting of ten aldermen,
  impliedly resigned his position by accepting an incompatible city office,
  a vacancy occurred which was properly filled by a majority vote of
  five of the council as then constituted.

*Appeal from District Court, Cascade County; H. H. Ewing,
Judge.*

ACTION by the State, on the relation of Theodore Klick,
against J. G. Wittmer.   From a judgment for defendant ren-
dered after sustaining a general demurrer to the complaint, the
relator appeals.   Reversed and remanded.

*Mr. E. A. Smith,* for Appellant, submitted a brief and argued
the cause orally.

*Messrs. Cooper & Stephenson,* for Respondent, submitted a
brief.

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal from a judgment after an order sustaining a general demurrer to the complaint.    The facts recited are: That the city of Great Falls possesses five wards, and its common council consists of ten aldermen, two from each ward; that on June 30, 1913, J. G. Wittmer was, and since April 13, 1913, had been, one of the duly elected, qualified and acting aldermen from the fifth ward of said city; that on June 30 he was appointed by the mayor to the office of "city purchasing agent," which office had been created by ordinance approved May 26, 1913; that his appointment was confirmed by the council and he immediately accepted, qualified and entered upon the duties of said office, and has since received and enjoyed the salary attached thereto, to-wit, $50 per month; that at the regular meeting of the city council of Great Falls held September 2, 1913—all the members thereof as well as the mayor being present, the said Wittmer assuming to act as alderman from the fifth ward—the following resolution was presented and read by Alderman Johnston: "Whereas there exists a vacancy in the office of alderman from the fifth ward, caused by the appointment and qualification of former Alderman J. G. Wittmer to the office of city purchasing agent, an office incompatible with the office of alderman, I hereby nominate Theodore Klick, residing at 611 First Avenue Southwest, within the said fifth ward, by occupation a stable boss, to fill such vacancy;" that said nomination was duly seconded, but the mayor refused to entertain the same, and, on appeal from the decision of the chair, five aldermen voted against sustaining such decision; that the mayor, however, declared a tie by including the vote of Wittmer with four others to sustain said decision, and thereupon resolved the tie by himself voting to sustain such decision; that thereupon five aldermen "requested the recording of their votes in favor of the nominee—Theodore Klick—as alderman from the fifth ward to fill the vacancy herein alleged," which five votes were so recorded by the city clerk and made part of the records of the proceedings of the council; that Klick possesses the necessary qualifications to hold the office

of alderman and filed his official oath in due time, but Wittmer persists in unlawfully acting and intruding himself into such office.

The questions presented are: Was there a vacancy in the office of alderman from the fifth ward to be filled by the election of the city council; and, if there was, was the relator elected thereto?

1. Whether a vacancy occurred in the office of alderman in consequence of the acceptance by Wittmer of the appointment as purchasing agent depends upon the power of the city council to create such office, and upon the nature of the office. No question is raised as to the power of the city council to create this office, and we shall therefore assume, without deciding, that it had such power. By reference to the ordinance creating the office we learn: "The city purchasing agent shall be appointed by the mayor. * * * His duties shall be to make all purchases of sundries and supplies for all departments of the said city; he shall keep a complete record of all his purchases, acts and doings, an accurate account of all the supplies purchased and the price paid therefor. * * * That all bills against the city for purchases shall be filed with the purchasing agent, who shall examine and approve or disallow the same and recommend to the council the payment or rejection of the same, and report the said bills to the said council at its first regular meeting in each month, or oftener, for allowance or rejection by the said council. * * * The said purchasing agent shall, before entering upon his duties, take the oath of office and execute a bond in such sum as the council may require, but for not less than $1,000, * * * the same to be in proper form and approved by the city council."

We think the office thus created and defined is clearly [1] incompatible with the office of alderman. Offices are "incompatible" when one has power of removal over the other (29 Cyc. 1382; *Attorney General* v. *Council,* 112 Mich. 145, 37 L. R. A. 211, 70 N. W. 450), when one is in any way subordinate to the other (*State* v. *Jones,* 130 Wis. 572, 118 Am. St. Rep. 1042,

10 Ann. Cas. 696, 8 L. R. A. (n. s.) 1107, 110 N. W. 431), when one has power of supervision over the other (*State* v. *Taylor,* 12 Ohio St. 130; *Cotton* v. *Phillips,* 56 N. H. 220; *State* v. *Hilton,* 80 N. J. L. 528, 78 Atl. 16), or when the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one person to retain both (Mechem on Public Officers, sec. 422; *State* v. *Anderson,* 155 Iowa, 271, 136 N. W. 128; *State* v. *Thompson,* 122 N. C. 493, 29 S. E. 720; *State* v. *Goff,* 15 R. I. 505, 2 Am. St. Rep. 921, 9 Atl. 226; *Magie* v. *Stoddard,* 25 Conn. 565, 68 Am. Dec. 375; *People* v. *Commissioners,* 76 Hun, 146, 27 N. Y. Supp. 548; *State* v. *Buttz,* 9 S. C. 156). The relations between the office of alderman of Great Falls and that of purchasing agent, as [2] created by the ordinance above referred to, are within all these specifications. The office of purchasing agent was not created under Title III of Part IV of the Political Code (Rev. Codes, secs. 3216–3218); the city council may therefore, by a bare majority vote, abolish it at any time and discharge the person appointed to fill it (Rev. Codes, sec. 3220). Thus the incumbent of it, if he be an alderman, may, in certain circumstances, exercise absolute control over the existence and tenure of his office, or, in the desire to save his office threatened by abrogation, he may be induced to assent to measures the virtue of which he does not perceive. Again, as to a portion of his duties he is an agent of the council and subject to its supervision. It may disavow or curtail his general policy, reject his recommendations, or disallow the bills incurred by him; in any event, as member of the council he is placed in the position of supervising and affirming his own acts. Finally, if he be alderman as well as agent, he may pass upon, and possibly determine, the amount and sufficiency of his own bond. Further discussion is not necessary to establish that the holding of these offices by the same person is contrary to public policy.

The contention of respondent is that the foregoing is of no importance to the question at bar, because vacancies are created [3] only by the causes set forth in section 420, Revised Codes,

among which the acceptance of an incompatible office is not enumerated. This argument is based upon certain expressions in *State ex rel. Chenoweth* v. *Acton*, 31 Mont. 37, 39, 77 Pac. 299, to the effect that the provisions of section 420 are exclusive; but these expressions, unnecessary to the decision of that case, have not been accepted as controlling since *State ex rel. Jones* v. *Foster*, 39 Mont. 583, 104 Pac. 860, was written. For the purposes of the instant case, however, we may assume the exclusiveness of section 420, without at all aiding the respondent's position; for, though we grant that a vacancy is not created by any circumstance not mentioned therein, it does not follow that a resignation, which is mentioned therein as a cause of vacancy, may not impliedly arise upon the acceptance of an incompatible office. On the contrary, the authorities are practically unanimous that, as to an office which the incumbent may vacate by his own act, a resignation does occur upon his acceptance of another office incompatible therewith. (*King* v. *Trelawney*, 3 Burr. 1616; *Stubbs* v. *Lee*, 64 Me. 195, 18 Am. Rep. 251; *State* v. *Brinkerhoff*, 66 Tex. 45, 17 S. W. 109; *Van Orsdall* v. *Hazard*, 3 Hill (N. Y.), 243; *Magie* v. *Stoddard, supra; People* v. *Hanifan*, 96 Ill. 420; *State* v. *Thompson, supra; State* v. *Goff, supra; Cotton* v. *Phillips, supra; Pooler* v. *Reed*, 73 Me. 129; *Biencourt* v. *Parker*, 27 Tex. 558; *Mann* v. *Darden*, 171 Ala. 142, 54 South. 504.)

The respondent having resigned his position as alderman by [4] accepting the office of city purchasing agent, a vacancy was created in the council, and its membership became reduced to nine. That vacancy the city council was authorized to fill by a majority vote of the members then composing the council. The relator was formally nominated to fill such vacancy, the votes of five members were recorded in his favor, and he was elected—the mayor's position to the contrary notwithstanding. (*State ex rel. Wilson* v. *Willis*, 47 Mont. 548, 133 Pac. 962.)

If the complaint correctly states the facts, the respondent became an intruder in the office of alderman from the moment he accepted the appointment as purchasing agent. He certainly

ceased to have any warrant for exercising its functions after the relator's election and the filing of his official oath. It follows that the judgment appealed from must be reversed, with directions to overrule the demurrer; and it is so ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY did not hear the argument and takes no part in the foregoing decision.