## MID-CONTINENT BUILDING CO. v. BOARD OF EQUALIZATION OF TULSA COUNTY.

No. 28600.    Jan. 17, 1939.

Rehearing Denied Feb. 14, 1939.

Application for Leave to File Second Petition for Rehearing Denied April 4, 1939.

Kleinschmidt & Johnson, for plaintiff in error.

Dixie Gilmer and John F. Conway, for defendant in error.

OSBORN, J.    This is an appeal by the Mid-Continent Building Company, hereinafter referred to as appellant, from a judgment

of the district court of Tulsa county sustaining an order of the county board of equalization fixing the value of appellant's property for the purpose of taxation.

The appellant is the owner of a 15 story building located in the city of Tulsa. The first floor of the building is used for stores, the remainder for offices. On February 15, 1937, appellant rendered said property to the county assessor for taxation fixing the value of the building at $304,000, and the lot upon which it was situated at $78,650, making a total valuation of $382,650.

On April 27, 1937, appellant was notified that the board of equalization had raised the valuation of the building to $434,700, leaving the lot value as fixed in the rendition of the owner. On the same date appellant filed its protest against the proposed increase. A hearing before the board was had on May 21, 1937, and after hearing the value of the building was fixed at the sum of $365,000, or $61,000 in excess of the valuation fixed in the return to the county assessor.

Appeal was perfected to the district court of Tulsa county. The cause was there reviewed and a judgment rendered sustaining and affirming the order of the board of equalization, whereupon an appeal was perfected to this court.

In appeals of this character there are certain presumptions which must be indulged, which are that in reviewing the assessment of the board of equalization, the presumption is in favor of the correctness of the determination of the value fixed by the board; until the contrary is made to appear, the law presumes the officers have discharged the duties which the law imposes upon them; that the board made due investigation and obtained sufficient data on which to base its assessment; that the board acted fairly and impartially with honest motives, and exercised honest judgment in fixing the valuation. Such presumptions can be overcome only by clear and convincing proof. Sinclair-Prairie Oil Co. v. State, 169 Okla. 334, 37 P.2d 298.

Witnesses for appellant estimated the value of the building as of January 1, 1937, on a capitalization of income basis, using 6 per cent. as the rate of return, at $479,218, and on the basis of replacement cost less depreciation and obsolescence at $500,526.08. Witnesses called by the county attorney estimated the value as of January 1, 1937, on the capitalization of income basis, using 5 per cent. as the rate of return, at $737,668 and, on the basis of replacement cost less depreciation and obsolescence, estimated the value at $640,000.

In addition there was introduced in evidence a table prepared by the Oklahoma Tax Commission showing the ratio of the assessed valuation of real estate to the cash value thereof, by counties, for the years 1930 to 1935, inclusive. Said table shows that the percentage of cash value used as a valuation for tax purposes in Tulsa county was 51.78 per cent., while the average for the state was 54.40 per cent. It is noted that the valuation placed upon the building by the board of equalization is considerably less than the actual cash value of the property according to the testimony of the witnesses appearing for either of the parties, but it is the contention that a fair valuation would not be in excess of 55 per cent. of said actual value in view of the above, since an intentional assessment at a higher valuation than other real estate of like grade and quality within the county would constitute a violation of appellant's constitutional rights. See State v. State ex rel. Schull, 142 Okla. 293, 286 P. 891. This argument would be applicable if appellant had shown before the board of equalization that other property of like grade and quality in Tulsa county was not assessed at a higher rate than 55 per cent. of its actual cash value for the year 1937. A showing that property was assessed on such basis for the years 1930 to 1935 would not be sufficient. We are therefore of the opinion that appellant has not introduced sufficient evidence to overcome the presumption of the correctness of the determination of value by the board.

As further grounds for the reversal of the order, it is contended that the board of equalization was not legally constituted to hear and determine the matter in that one D. H. Boullt, a member of the board who participated in the hearing and determination of the matter, had previously qualified as a deputy county assessor of Tulsa county and in the acceptance of such office had automatically vacated his office as a member of the board of equalization, citing section 3424, O. S. 1931 (51 Okla. Stat. Ann. sec. 6); State ex rel. Klick v. Wittmer, 50 Mont. 22, 144 P. 648; Campbell v. Hunt, 18 Ariz. 442, 162 P. 882; Barnhill v. Thompson, 122 N. C. 493, 29 S. E. 720; Shell v. Cousins, 77 Va. 328; Attorney General ex rel. Dust v. Oakman, 126 Mich. 717, 86 N. W. 151, 86 Am. St. Rep. 583.

There was introduced a copy of the statutory oath of office subscribed to by D. H. Boullt and a claim and warrant showing

that he had been compensated for "special work" in the county assessor's office. Even if we should assume under this evidence that there had been an acceptance of a second office by the said Boullt, we would not be justified in holding that the board of equalization was illegally constituted and that its order was void. Under such circumstances the said Boullt would be a de facto member of the board.

In the case of Privett v. Board of Education of Slab Fork School District (W. Va.) 138 S. E. 461, it was said:

" 'One who forfeits his right to an office of which he is the incumbent, by accepting another which is incompatible with it, and afterwards performs the functions of the office forfeited, he is an officer, de facto, and his acts, done before removal from such office, are valid as to persons other than himself.' We need not decide here whether or not the president of the board of education forfeited his office by accepting that of justice of the peace. It is admitted that at the time of the act here complained of, he was exercising the powers and performing the duties of a member of the board of education. He was a de facto officer, under the statute and the decisions above cited."

Complaint is made of the validity of the notice served upon appellant, but the record discloses that on the same day the notice was received a protest was filed by appellant against the proposed increase and the cause proceeded to hearing upon the protest.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., and DAVISON and DANNER, JJ., absent.