## STEINGRUBER v. CITY OF SAN ANTONIO.
### (No. 82 2874.)

(Commission of Appeals of Texas, Section A.
April 7, 1920.)

**1. Officers ⬦63—Offices may be relinquished through "abandonment"; "resignation."**

A public office may be abandoned, abandonment being a species of resignation, but differing from resignation in that resignation is a formal relinquishment, while abandonment is a voluntary relinquishment through nonuser.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandonment; Resignation.]

**2. Officers ⬦63—Nonuser not abandonment in absence of intention to relinquish.**

Nonuser does not of itself constitute abandonment of a public office, but failure to perform the duties pertaining to the office must be with actual or imputed intention on the part of the officer to abandon and relinquish the office, which intention may be inferred from the acts and conduct of the officer, and is a question of fact.

**3. Officers ⬦63—May abandon office through acquiescence in unlawful removal.**

Abandonment of a public office may result from an acquiescence by the officer in his wrongful removal or discharge, but to constitute such abandonment the officer must intend to relinquish the office.

**4. Appeal and error ⬦1011(1)—Finding on conflicting evidence not disturbed.**

Finding of fact by court on conflicting evidence will not be disturbed on appeal.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Henry Steingruber against the City of San Antonio. Judgment for plaintiff reversed by Court of Civil Appeals (177 S. W. 1023), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

D. A. McAskill, Theo. E. Simmang, and Joseph Ryan, all of San Antonio, for plaintiff in error.
Geo. R. Gillette and Robt. G. Harris, both of San Antonio, for defendant in error.

SONFIELD, P. J. Henry Steingruber, plaintiff, brought this action against the city of San Antonio, defendant, for the recovery of the salary of park commissioner for a period subsequent to his wrongful removal from the office to the date of the expiration of the term for which he was appointed. The office was created by ordinance of the city, and the commissioner was given "direct supervision, control, and direction of all city parks and ceme-

teries, under the supervision of the mayor."

Section 17 of the city charter provides that appointive officers may be discharged by the mayor for any reason deemed by him sufficient, in the manner provided in the section, and that, unless so discharged, they shall hold the office until the next general city election and until the appointment and qualification of their successors.

On July 17, 1911, plaintiff was regularly appointed park commissioner by the mayor for the term ending June 1, 1913. No question is raised as to the regularity of his appointment. He entered upon the discharge of the duties of the office, and continued therein until August 30, 1912, when he received written notice from the mayor of his removal and the appointment of S. R. Walker, effective September 1, 1912, and was instructed to deliver to Walker all city property in his possession or under his control.

The trial in the district court, without the intervention of a jury, resulted in a judgment in favor of plaintiff, which judgment was by the Court of Civil Appeals reversed, and judgment rendered in favor of defendant in error. 177 S. W. 1023.

It is conceded that plaintiff was not removed or discharged from the office in the method provided by the charter, and that his removal was invalid.

The evidence establishes that plaintiff, under the mayor's instructions, turned over the property in his custody in virtue of his office to Walker, who thereafter performed the duties of the office. Plaintiff rendered no further service as park commissioner, and brought no character of legal proceeding seeking restoration to the office. He at no time after his removal until November 3, 1913, which was after the expiration of the term, gave notice to the mayor, city auditor, or city council, in any direct or formal manner, that he still claimed the office. He made no formal protest against his removal to the mayor or city council, made no formal application for reinstatement, and made no demand for salary.

Plaintiff testified that after his removal he went often to the city clerk's office; he would ask for communications, mail, and if there was anything new. He reported for duty to three of the aldermen, one of whom was mayor pro tem., another chairman of the finance committee, and the other chairman of parks and plazas. To the latter he stated he was ready at any time to take the position; that he would take the office at any time. He did not attempt to get any orders from the mayor after his removal, because he found him very busy. After his removal and discharge he considered he was the legal officer. He was at all times willing, able, and ready to serve the balance of his term. He further testified that he did not think it was necessary to apply for his salary every month,

feeling that he was entitled to receive his salary in full at the end of the term, and that he would then receive the same.

Defendant city urged various defenses, among others that plaintiff had abandoned the office. All the defenses, other than abandonment of the office, were resolved against it by the Court of Civil Appeals, and we concur in the conclusions of that court with reference thereto.

The Court of Civil Appeals held that, though plaintiff's removal was wrongful, the evidence established, as a matter of law, his abandonment of the office. In its opinion the Court of Civil Appeals, after stating this conclusion, said:

"In coming to this conclusion we do not overlook the fact that the trial court found in favor of plaintiff upon this issue, but the evidence to our minds so conclusively establishes abandonment of the office that we are satisfied the judgment was wrong, and that it should be set aside."

[1-3] A public office may be abandoned. Abandonment is a species of resignation. Resignation and abandonment are voluntary acts. The former is a formal relinquishment; the latter a relinquishment through nonuser. Abandonment implies nonuser, but nonuser does not, of itself, constitute abandonment. The failure to perform the duties pertaining to the office must be with actual or imputed intention on the part of the officer to abandon and relinquish the office. The intention may be inferred from the acts and conduct of the party, and is a question of fact. Abandonment may result from an acquiescence by the officer in his wrongful removal or discharge, but, as in other cases of abandonment, the question of intention is involved. Page v. Hardin, 47 Ky. (8 B. Mon.) 648; Attorney General v. Maybury, 141 Mich. 31, 104 N. W. 324, 113 Am. St. Rep. 512, and note; Turnipseed v. Hudson, 50 Miss. 429, 19 Am. Rep. 15.

[4] Plaintiff, after his removal, performed none of the duties of the office. There was evidence to the effect that, though desiring and intending to hold the office, plaintiff vacated it in obedience to the order of the mayor, and thereafter continued to claim the office; that he was at all times ready, willing, and able to perform the duties of the office, and made tender of his services, but performance was prevented by defendant through the appointment of Walker. While nonuser was conclusively established, whether such nonuser was with intention to relinquish the office was a fact in issue. This issue was determined by the trial court in favor of plaintiff upon conflicting evidence, and should not be disturbed on appeal.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.