

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Hon. E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. V-26

Re: Right of County Commissioner to
hold office while working in the
State of Mississippi.

Your letter requesting an opinion from this Department on
the above subject matter reads as follows:

"I would like to have an opinion from you on the
following questions:

"Commissioner of Precinct No. 1, who was elected at
the last General Election, secured a job with a Con-
struction Company in December of 1946 in the State of
Mississippi but his family still lives in Polk County,
Texas, and he did not qualify for the office of Commis-
sioner of Precinct No. 1, and take the oath of office
until January 13, 1947. He left immediately for
Mississippi to resume his work as foreman for the Con-
struction Company of the State of Mississippi and is
drawing a salary of One Thousand Dollars per month. He
has not done anything to the Maintenance of his roads
or hired a crew to do the work.

"Can he serve as Commissioner of Precinct No. 1,
of Polk County, Texas and stay in the State of Mississippi
and work for a Construction Company?

"Can I pay or approve the payment of his salary as Com-
missioner of Polk County, Texas, and him continue as foreman
of the Construction Company, and him meet with the Court
once every thirty or sixty days?

"Do I have authority to approve payment of payroll or
material of his precinct when he has not been present to
approve them or to sign purchase orders?

"Can the Commissioners Court approve payrolls and payment of purchase orders and transact business with the Commissioner of Precinct No. 1 absent from the state?

"Can he appoint a foreman to act as his supervisor of road maintenance and construction for him and the commissioner continue his work in Mississippi?"

The primary question presented by your inquiry is whether or not, under the facts submitted, the person in question has vacated or abandoned his office of County Commissioner.

In Words and Phrases, Vol. 37, pages 216-270, we find the following definitions:

"Residence is indeed made up of fact and intention; that is, of abode with intention of remaining. But it is not broken by going to seek another abode, but continues until the fact and intention unite in another abode elsewhere." 37 W. & P. 256.

You state in your letter that his family "still lives in Polk County." Therefore, it cannot be stated as a matter of law that the person in question removed his residence from Polk County and thereby vacated his office.

"It is a general rule that failure to qualify for an office within the time prescribed by law does not of itself create a vacancy." Buchanan vs. Graham, 81 S.W. 1237, 1239. See also 34 Texas Jurisprudence 376.

We quote the following from 34 Texas Jurisprudence 375:

"The Constitution declares that a failure to comply with the requirement that all civil officers shall reside within the State, and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law, shall vacate the office so held. This provision is self-executing

and needs no legislative action to put it into force
and effect.  Under it a county officer who removes from
the county and establishes a residence elsewhere thereby
vacates his office.  But absence from the State or in-
ability or unwillingness to perform the duties of the
office, or the mere absence of a county officer from
the county while involuntarily in the military service
of the United States, without any showing as to the pro-
bable duration of his absence, does not create a vacancy."

See also:  Crawford vs. Saunders, 29 S. W. 102; Hamilton vs. King, 206
S. W. 953.

From a study of the above cited authorities, it seems to be
settled in Texas that a vacancy is not created by an officer's absence
from the State or his inability or unwillingness to perform the duties
of his office.  In order to constitute an abandonment, there must be an
actual or imputed intent on the part of the officer to relinquish the
office.  Steingruber vs. City of San Antonio (Com. App.) 220 S. W. 77;
Honey vs. Graham, 39 Tex. 1; 34 Tex. Jur. 385.

Under the facts presented, the person in question has been
and is working in Mississippi, but at the same time he returns at inter-
vals to meet with the Commissioners' Court.  Such facts do not show an
intention to abandon the office.  Therefore, it cannot be stated as
a matter of law that he has vacated or abandoned the office of County
Commissioner.

It is stated in 34 Tex. Jur. 511-513:

"The compensation attached to an office belongs to the
person legally holding the office, for the term he may
hold it.  His right to it attaches as soon as he takes the
oath of office and qualifies according to law, and ends
when his term ends, whether by expiration of time, death,
resignation, or abolishment of the office by law. . .

"To entitle a person to recover the emoluments of an
office, he must show that he is an officer de jure, that
the office has been legally created and is in existence,
and that he has been legally placed therein and has a
legal right thereto. . .

"The salary or emoluments are incident to the title of
the office and not to its occupation or the performance
of official duties.  In order to recover the amount, the
officer is not required to show that he has discharged
the duties of the office; nor is he precluded from re-
covering by the fact that he has been wrongfully deprived

of the right to perform the services, or that another person has performed them." (Emphasis ours)

We quote the following from Beard vs. City of Decatur, 64 Tex. 7:

"To the person legally holding the office belong the perquisites and emoluments attached by law to the office, as fully as does the office itself. . .

". . . the salary or emolument annexed to a public office is incident to the title of the office and not to its occupation or exercise. The people, etc. vs. Oulton, 28 Cal. 44; The People, etc. vs. Smyth, 28 Cal. 21; Mayor etc. vs. Woodward, 12 Heisk, 499; Carroll vs. Seibenthaler, 37 Cal. 195; Dolan vs. Mayor etc., 68 N.Y. 275; McVeany vs. The Mayor, 80 N. Y. 192; The Auditors, etc. vs. Benoit, 20 Mich. 191". (Emphasis ours.)

We quote the following from City of Houston vs. Estes, 79 S.W. 848, error refused:

"That under these facts he became an officer de jure is sustained by the weight of authority. . . He was thereafter discharged without cause by one having no authority to oust him. . . The effort to oust him was a nullity, and, his salary being an incident of the office his right to the emoluments did not depend on the performance by him of official service." (Emphasis ours)

Since the person in question is now legally holding the office of Commissioner, on the basis of the foregoing authorities we are forced to hold that he is entitled to the emoluments incident to the office until his term ends; whether by expiration of time, death, resignation or removal from office, and you are authorized to approve the payment of same.

Section 24 of Article V of our State Constitution provides:

"County Judges, County Attorneys, Clerks of the District and County Courts, Justices of the Peace, Constables, and other county officers may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury. (Emphasis ours)

Article 5940, V.A.C.S., provides:

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; provided such officer shall not be removed for becoming intoxicated when it appears upon the trial of such officer that such intoxication was produced by drinking intoxicating liquors upon the direction and prescription of a duly licensed practicing physician of this State."

Article 5971, V.A.C.S., provides:

"In every case of removal from office for the causes named in the preceding article, the cause or causes thereof shall be set forth in writing, and the truth of said cause or causes be found by a jury."

Article 5972, V.A.C.S., provides:

"By 'incompetency' as used herein is meant gross ignorance of official duties, or gross carelessness in the discharge of them; or an officer may be found to be incompetent when, by reason of some serious physical or mental defect, not existing at the time of his election, he has become unfit or unable to discharge promptly and properly the duties of his office."

In the case of Reeves vs. State, 267 S. W. 666, the Supreme Court held that "an action to oust a county officer for official misconduct is for the benefit of the public and must be conducted in the name of the State of Texas, and be represented by a county or district attorney."

The case of State ex rel Downs et al vs. Harney, 164 S. W. 2d 55, (writ refused) involved an action for the removal from office of the Sheriff of Nueces County. The Court, in reviewing the constitutional and statutory provisions above set out, made the following observation:

"We have reached the firm conclusion that the contentions of the sheriff must be sustained; that this purely local action to remove the Sheriff of Nueces County should have been brought, if at all, by the county or district attorney of that county. . . .

". . . such actions as this may be instituted only by the district or county attorney, and that the Attorney General alone may not initiate it." (Emphasis ours)

In view of the foregoing, it is our opinion that the person in question can only be removed, if at all, by a proper proceeding in the District Court brought by the county or district attorney. This Department cannot pass upon the question of whether or not there is cause for removal, for such question can only be determined by the district Court and the truth of said cause is to be determined by a jury as provided in Article V, Section 24 of our State Constitution and Article 5971 of our statutes.

Article 2343, V.A.C.S., provides that any three members of the Commissioners' Court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax.

In view of the foregoing statute, it is not necessary that the Commissioner in question be present at a meeting of the Commission Court for said Court to transact business. See: Racer vs. State, 73 S. W. 968; Cobb and Gregory vs. Dies, 203 S. W. 438; and Dalton vs. Al 110 Texas 68, 215 S. W. 439.

Article 6741, V. A. C. S., authorizes the purchase or hire b the Commissioners' Court of "all necessary road machinery, tools or teams, and. . . such labor as may be necessary. . . to build or repair the roads." Potter vs. Concho County, 196 S. W. (2d) 833, 835. It wi be noted that such power rests not within the individual Commissioner but with the Commissioners' Court. You are therefore adthorized to approve the payment of the material, supplies and expenses which have been legally ordered or authorized by the Commissioners' Court.

Article 6713, V.A.C.S., provides:

"Except when road commissioners are employed, the county commissioners shall be supervisors of public roads in their respective counties, and each commissioner shall supervise the public roads within his commissioners precinct once each month. He shall also make a sworn report to each regular term of the commissioners court held in his county during the year, showing:

"1.  The condition of all roads and parts of roads in his precinct.

"2.  The condition of all culverts and bridges.

"3.  The amount of money remaining in the hands of overseers subject to be expended upon the roads within his precinct.

"4.  The number of mile posts and finger boards defaced and torn down.

"5.  What, if any, new roads of any kind should be opened in his precinct, and what, if any, bridges, culverts, or other improvements are necessary to place the roads in his precinct in good condition and the probable cost of such improvements; also the name of every overseer who has failed to work on the road, or in any way neglected to perform his duty.

"Said report shall be spread upon the minutes of the court, to be considered in improving public roads and determining the amount of taxes levied therefor."

It is a general rule that public duties which require the exercise of reason or discretion on the part of the officer cannot be delegated by the officer.  Gane vs. Palo Pinto County, 71 Tex. 99, 8 S. W. 634; 34 Tex. Jur. 459.

It is our opinion that duties prescribed by Article 6713 are duties which require the exercise of reason or discretion on the part of the Commissioner, and he cannot appoint someone to act as road supervisor in his place.

In this connection, we wish to point out, however, that Article 6737, V.A.C.S., authorizes the Commissioners' Court to employ not exceeding four (4) road commissioners.  Article 6738, V.A.C.S., enumerates the powers and duties of such road commissioners.  Article 6743, V.A.C.S., authorizes the Commissioners' Court to appoint a road superintendent for the county or appoint a road superintendent for each commissioner's precinct.  Article 6746, V.A.C.S., enumerates the powers and duties of such road superintendent.

The above mentioned Articles read as follows:

"Art. 6737.  Employment

"Each commissioners court may employ not exceeding

four road commissioners, who shall be resident citizens
of the district for which they are employed, and when
more than one is employed, the district that each road
commissioner is to control shall be defined and fixed
by the court. Such road commissioners shall receive such
compensation as may be agreed upon by the court, not to
exceed two dollars per day for the time actually engaged.
Each road commissioner shall first execute a bond, pay-
able to the county judge of the county and his successors
in office, in sureties, to be approved by the county judge,
and conditioned for the faithful performance of his duties."

"Art. 6738. Powers and duties

"A road commissioner shall have control over all
overseers, hands, tools, machinery and teams to be used
upon the roads in his district; and may require overseers
to order out hands in any number he may designate for the
purpose of opening, working or repairing roads or buildings
or repairing bridges or culverts in his district. He shall
see that all roads and bridges in his district are kept in
good repair, and he shall, under the direction and control
of the commissioners court, inaugurate a system of grading
and draining public roads in his district, and see that
such system is carried out by the overseers and hands under
his control, and shall obey all orders of the commissioners
court; and he shall be responsible for the safekeeping and
liable for the loss or destruction of all machinery, tools
or teams placed under his control, unless such loss is with-
out his fault, and when he shall be discharged he shall
deliver them to the person designated by the court."

"Art. 6743. Appointment

"The commissioners court of any county subject to this
law may appoint a competent person as road superintendent
for such county, or one such superintendent in each com-
missioners precinct, as it shall determine by an order made
at a regular term thereof. Such order shall be entered on
the minutes of such court, and shall not be void for want of
form, but a substantial compliance with the provisions of
this subdivision shall be sufficient. Every road superinten-
dent shall be a qualified voter in the county or precinct
for which he is appointed, and shall hold his office for two
years or until removed by the commissioners court for good
cause. No county shall be under the operation of this law
whose commissioners court does not appoint a road superin-
tendent or superintendents."

"Art. 6746. Powers

"Subject to the orders of said court, each superintendent shall have general supervision over all public roads of his county or precinct, and shall superintend the laying out of new roads, the making, changing, working and repairing of roads, and the building of bridges except where otherwise contracted, and over all county convicts worked on such roads, but this shall not prevent the commissioners court from employing a person to watch and manage such convicts and direct the work to be done by them. Said road superintendent shall take charge of and be responsible for the safe-keeping of all tools, machinery, implements and teams placed under his control by the commissioners court and execute his receipt therefor, which shall be filed with the county clerk. He shall be liable for the loss, injury or destruction of any such tools, teams, implements or machinery unless such loss occured without his fault, and for the wrongful or improper expenditure of any road funds coming into his hands. On leaving office, he shall deliver all such money and property to such person as the commissioners court may direct."

It will be noted that the employment of road commissioners or road superintendents is left to the discretion of the Commissioners' Court and not to the individual Commissioner.

## SUMMARY

(1) Under the facts submitted, the Commissioner of Precinct 1 of Polk County is still a resident of Polk County and is now legally holding the office of Commissioner and is entitled to the emoluments incident to the office until his resignation or removal from office by proper proceedings. Article V, Section 24 of the State Constitution; Articles 5940, 5971 and 5972, V.A.C.S.

(2) The power to purchase road machinery and supplies rests not with the individual County Commissioner, but with the Commissioners' Court, and only a quorum is necessary to transact such business. Articles 2343 and 6741.

(3) A County Commissioner cannot appoint another to act as road supervisor in his place. Road Superintendents

or Road Commissioners may be appointed only by the Commissioners' Court. Articles 6713, 6737, 6738, 6743 and 6746.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:djm

APPROVED FEB 17 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN