

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 28, 1970



This Opinion
Overrules Opinion
# __M-248__
where conflict

Honorable Luther T. Sebren
County Auditor
Orange County Courthouse
Orange, Texas 77630

Opinion No. M-760

Re: Questions relating to
resignation of county
commissioner.

Dear Mr. Sebren:

According to the letter which you have written to this office, a controversy exists in your county regarding the status of the office of County Commissioner of Precinct Two, Orange County, Texas.

You have informed us that Allen W. Peveto was first elected to a four-year term as County Commissioner of Precinct Two at the general election in 1962 and was re-elected to four-year terms at the general elections in 1966 and 1970. On November 12, 1970, Commissioner Peveto sent the following letter of resignation to the County Judge of Orange County, Texas:

"I wish to take this means to notify you of my resignation as Commissioner of Precinct No. 2, Orange County, Texas. This resignation is to be effective January 5, 1971."

On November 17, 1970, Charlie G. Grooms, County Judge of Orange County, Texas, wrote the following letter to Mr. Peveto:

"With reference to your letter dated November 12, 1970 I am notifying you that I accept your resignation as Commissioner of Precinct number 2, in Orange County, Texas."

On November 24, 1970, Judge Grooms appointed Claude J. Broussard to the office of County Commissioner of Precinct Two and administered the oath of office to Mr. Broussard. You ask our opinion upon the following questions:

"1. Is the resignation by Commissioner Peveto effective January 5, 1971, void, as he has attempted to resign an office to which he

was duly elected for a four (4) year term on
November 3, 1970, but as yet has not qualified
for?  Can he legally resign such a future of-
fice or must he wait until he has qualified
for said term of office before he can resign
same?

"2.  Is Commissioner Peveto the legal
office holder now?"

It is a well settled rule that one elected to an office
cannot qualify for that office prior to the beginning of the term
for which he was elected.  Ex parte Sanders, 147 Tex. 248, 215 S.W.2d
325 (1948); Anderson v. Parsley, 37 S.W.2d 358 (Tex.Civ.App. 1931,
error ref.).  In submitting his resignation from a public office the
officeholder expresses an intention to relinquish a portion of the
term of office to which he has been elected.  State v. Huff, 172 Ind.
1, 87 N.E. 141 (1909); State v. Ladeen, 104 Minn. 257, 116 N.W. 486
(1908); cf. Plains Common Consol. School Dist. No. 1 of Yoakum County
v. Hayhurst, 120 S.W.2d 322 (Tex.Civ.App. 1938, no writ).  While there
is no Texas authority upon the subject, cases from other jurisdictions
hold that one who has been elected to an office cannot resign from
that office until the time has arrived when he is entitled to the
office and he has qualified and entered upon the duties of the office.
Jackson v. White, 218 So.Car. 311, 62 S.E.2d 776 (1950); Dolphin v.
Mayor & Council of Town of Kearny, 116 N.J. 58, 181 Atl. 644 (1935).
Taking these rules together, it logically follows as a necessary
corollary that an officer who has been elected to a succeeding term
cannot relinquish by means of resignation a portion of the succeeding
term until that term begins and he has qualified.  In answer to
your first question, you are advised that the written resignation
of Commissioner Peveto cannot operate as an effective resignation
of any portion of the term of that office which begins on January
1, 1971, since it was beyond his power to do that.

The answer to your second question depends upon whether
Commissioner Peveto has expressed an intent to relinquish any portion
of the term of office which he is presently serving.  The intention
of a person must be established as a matter of fact from the state-
ments and acts of that person.  Steingruber v. City of San Antonio,
220 S.W. 77 (Tex.Comm.App. 1920, opinion adopted); Jordan Drilling
Co. v. Starr, 232 S.W.2d 149 (Tex.Civ.App. 1950, error ref. n.r.e.);
Thomas v. Fitch, 435 S.W.2d 703 (Mo.App. 1968); Mundt v. Mallon, 106
Mont. 242, 76 P.2d 326 (1938).  Although we have previously held in
Attorney General's Opinion M-659 (1970) that when an officeholder
submits a resignation which is to take effect in the future it becomes
effective immediately upon acceptance and a vacancy is created that

is subject to being filled by appointment, the situation before us there was different from the present one because the effective date specified in that resignation was within the term of office which the officer was then serving.  The rule stated in M-659 cannot apply to the situation before us now where the effective date of the resignation is not within the current term of the officer.  To so hold would be to depart from the above stated definition of resignation and the decisions which we have cited above.  Our statement in Attorney General's Opinion M-748 (1970) that the rule announced in M-659 would apply to Commissioner Peveto's written resignation was in error and that opinion is overruled to that extent.  We now hold that since the written resignation of Commissioner Peveto, standing alone, does not show an intent to relinquish any portion of his current term of office, its acceptance by the county judge did not create a vacancy in the office.  Had matters rested at this point, we would answer your second question in the affirmative.  However, your letter reveals that after the county judge notified Commissioner Peveto that he had accepted Peveto's resignation he appointed Mr. Broussard to the office of Commissioner of Precinct Two and administered the oath of office to him.  Consequently for the reasons which follow we cannot determine who holds that office at this time.

While resignation, either written or oral, is the method usually followed in relinquishing a public office, it may also be accomplished by abandonment.  The rule to be followed in determining when an abandonment has occurred is well stated in Steingruber v. City of San Antonio, 220 S.W. 77 (Tex.Comm.App. 1920, opinion adopted) at page 78:

> "A public office may be abandoned.  Abandonment is a species of resignation.  Resignation and abandonment are voluntary acts.  The former is a formal relinquishment; the latter a relinquishment through nonuser.  Abandonment implies nonuser, but nonuser does not, of itself, constitute abandonment.  The failure to perform the duties pertaining to the office must be with actual or imputed intention on the part of the officer to abandon and relinquish the office.  The intention may be inferred from the acts and conduct of the party, and is a question of fact.  Abandonment may result from an acquiescence by the officer in his wrongful removal or discharge, but, as in other cases of abandonment, the question of intention is involved.  . . ."

Hon. Luther T. Sebren, page 4    (M-760)

The rule is also announced and followed in Sealy v. Scott, 11 S.W.2d 605 (Tex.Civ.App. 1928, no writ) and Hogg v. Miller, 298 Ky. 128, 182 S.W.2d 242 (1944).

You do not state in your letter whether, after taking the oath of office, Mr. Broussard entered into and performed the duties of the office in question, or whether Mr. Peveto continued to function in the office. If Mr. Broussard did assume the duties of the office  then its current status would depend upon the actions and statements of Mr. Peveto subsequent to that time. That is, whether, from the acts and statements of Mr. Peveto, we may in fact infer an intention on his part to abandon or relinquish his office to Mr. Broussard.

S U M M A R Y

A resignation submitted by an incumbent county commissioner who has been elected to a new term beginning on January 1, 1971, and which states that it is to become effective on January 5, 1971, is, even though accepted, ineffective to relinquish any part of the new term.

Such resignation, standing alone, does not show an intention to relinquish any part of the current term, but where the resignation is accepted and a successor appointed who takes the oath of office, the status of the office during the current term depends upon whether the appointee enters upon the duties of the office and, if so, whether the actions and statements of the incumbent thereafter show an intention to relinquish the office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Hamilton
Steve Hollahan
Michael Stork
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant