No. 04-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 256

RICHARD MOTTA,

        Plaintiff and Appellant,

   v.

PHILIPSBURG SCHOOL BOARD TRUSTEES,
DISTRICT #1; WARREN ANDERS; MARIE CONN;
ED DALLASERRA; TOM HOOD; CHARLIE GOFF,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
                In and for the County of Granite, Cause No. DV 2001-02
                The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Richard Motta, *pro se*, Philipsburg, Montana

        For Respondents:

        Blaine C. Bradshaw, Granite County Attorney, Philipsburg, Montana

                      Submitted on Briefs:  June 1, 2004

                           Decided:  September 14, 2004

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Richard Motta filed a *pro se* lawsuit against the defendants named above ("School District"), alleging that they did not adequately publicize a series of negotiation sessions and a special school board meeting which was held on February 13, 2001, to approve a negotiated agreement between the Philipsburg School District No. 1 and the United Teachers Association of Philipsburg ("Agreement"). Motta petitioned to have the results of that meeting voided, and further complained that the School District did not have an appropriate procedure in place for assisting public participation in its decision-making process. Both Motta and the School District moved for Summary Judgment. The School District's Motion was denied. Motta received partial summary judgment in his favor, with the District Court ordering that the School District submit copies of its procedures for permitting and encouraging public participation, and that the School District maintain minutes consistent with the mandates of the applicable statutes. However, the District Court did not void the Agreement that resulted from the February 13, 2001 meeting. Motta appeals on the grounds that the District Court abused its discretion when it refused to void the Agreement and abused its discretion when it did not award Motta his costs. We affirm and remand.

## ISSUES

¶2    Motta presents the following two issues for review:

¶3    1. Did the District Court abuse its discretion when it refused to void the negotiated Agreement between the Philipsburg School Board and the Philipsburg United Teachers Association?

2

¶4     2. Did the District Court abuse its discretion when it did not award costs to Motta pursuant to § 2-3-221, MCA?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶5     Motta brought this action on March 12, 2001, in the Third Judicial District Court, claiming that the School District violated various provisions of Title 2, Section 3, MCA, and Article II, Sections 8 and 9, of the Montana Constitution, by failing to properly and adequately publicize a February 13, 2001, School Board meeting concerning the negotiation of new contracts with the Philipsburg United Teachers Association, and by failing to give the public an adequate means by which to comment upon the proposed Agreement. He further alleged that a series of meetings leading up to this School Board meeting had been clandestine gatherings for negotiation purposes which were not properly publicized, and from which no minutes were kept. Motta requested that the District Court void the Agreement which resulted from these negotiations; enjoin the School District from further violations of the applicable statutes and Constitutional provisions; and require the School District to publish notice of upcoming meetings in the local newspaper at least seven days in advance of any scheduled meeting. He further requested an Order that the School District pay his costs, pursuant to § 2-3-221, MCA.

¶6     Both Motta and the School District filed Motions for Summary Judgment. After mediation and other negotiation attempts failed to resolve the case, the District Court heard oral arguments on the cross-motions for summary judgment on July 15, 2003. On November 18, 2003, the District Court entered an Order in which it concluded that the School District

3

had not complied with the provisions of Article II, Sections 8 and 9, of the Montana Constitution and § 2-3-103 et. seq., MCA.

¶7 The District Court found that the School District's February 13, 2001 meeting was open to the public "in theory only" due to inadequate notification, and further found that the public had been given little opportunity to examine documents, submit data, or comment on the Agreement during the negotiation process. The District Court also took issue with the series of clandestine meetings held prior to the February 13 meeting, stating that these meetings took place with little or no public notice, and that the School District's failure to keep minutes at these meetings violated § 2-3-212, MCA.

¶8 Finally, the District Court considered the remedy of voiding the Agreement, pursuant to § 2-3-213, MCA. The court chose not to void the Agreement, but did order the School District "to comply with the spirit and the letter of the law in regards to providing adequate notice to the public, to assist the public in participation in all future meetings, [and] to keep adequate minutes of all meetings held."

¶9 The District Court further ordered the School District to develop procedures pursuant to § 2-3-103, MCA, and to submit those procedures to the court so as to allow it to determine the reasonableness of the proposed procedures. The School District was given 30 days to comply, and ordered to publicize any meetings during the interim by placing notices in the local newspaper at least seven days prior to each meeting.

¶10 Motta then moved the District Court to amend its Judgment and void the Agreement which resulted from the February 13 meeting. The District Court did not act upon Motta's

4

Motion and this appeal timely followed.

## STANDARD OF REVIEW

¶11     We review a district court's grant of summary judgment *de novo*, applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Glacier Tennis Club at the Summit, LLC v. Treweek Constr. Co.,* 2004 MT 70, ¶ 21, 320 Mont. 351, ¶ 21, 87 P.3d 431, ¶ 21 (citations omitted).  In other words, the party moving for summary judgment has the initial burden of proving that there are no genuine issues of material fact that would permit a non-moving party to succeed on the merits of the case, and if the moving party meets that burden, then the non-moving party must provide substantial evidence that raises a genuine issue of material fact in order to avoid summary judgment in favor of the moving party. *Glacier*, ¶ 21 (citations omitted).  Once it is established that no genuine issues of material fact exist, the district court must then determine whether the moving party is entitled to judgment as a matter of law, and this Court reviews that determination to determine whether the district court erred. *Glacier*, ¶ 21 (citations omitted).

## DISCUSSION

### ISSUE ONE

¶12     Did the District Court abuse its discretion when it refused to void the negotiated Agreement between the Philipsburg School Board and the Philipsburg United Teachers Association?

¶13     There being no issues of material fact in dispute, we consider only whether the District Court erred in its conclusions of law when it refused, pursuant to § 2-3-213, MCA,

to void the Agreement entered into after the February 13 meeting.

¶14 Motta argues that the District Court should have voided the Agreement, pursuant to § 2-3-213, MCA, and this Court's decision in *Bryan v. Yellowstone County Elementary School District No. 2*, 2002 MT 264, 312 Mont. 257, 60 P.3d 381. The School District responds that the District Court's ruling should be upheld, and further points out that § 2-3-213, MCA, by its very language grants the District Court the discretion to determine whether to void a decision made in violation of Montana's Open Meeting Laws. Motta replies that this Court's ruling in *Bryan* requires the Agreement to be voided, and reiterates his request for this remedy.

¶15 At the outset of this discussion, we note that the School District has not filed a cross-appeal in this case. Nonetheless, the School District attempts to reargue the question of whether its prior public participation procedures comply with Montana law. No cross-appeal having been filed, this issue is not properly before this Court.

¶16 Section 2-3-213, MCA, states, "Any decision made in violation of 2-3-203 may be declared void by a district court having jurisdiction. . . ." Section 2-3-203, MCA, codifies Montana's constitutional requirement that meetings of public agencies and certain associations of public agencies be open to the public. The District Court concluded the School District was in violation of Montana's Open Meeting Laws, and that conclusion is not disputed here today. The language of § 2-3-213, MCA, is discretionary, providing that a District Court *may* declare a decision void. Motta maintains, however, that the District Court was required by the language of *Bryan* to void the Agreement.

6

¶17    In *Bryan*, the appellant filed a petition for a writ of prohibition to prevent school closures which had been ordered by a Billings school district and its board of trustees. *Bryan*, ¶ 1. We concluded that Bryan's right to participate and right to know as guaranteed by Article II, Sections 8 and 9, of the Montana Constitution had been violated. *Bryan*, ¶ 39 and ¶ 46. As a remedy, Bryan requested that the school district's decision to close certain schools be voided. *Bryan*, ¶ 48. We determined that two courses of action were available to us--voiding the decision, or issuing a declaratory judgment while allowing the decision to stand. *Bryan*, ¶ 51. We chose the former, explaining that we would not let a constitutional violation stand for the sake of convenience. *Bryan*, ¶ 52.

¶18    Motta argues that this case is factually similar to *Bryan*, and that, since the District Court found that the School District violated Article II, Sections 8 and 9, of the Montana Constitution in his case, he is entitled to the same remedy as Bryan. The School District replies that *Bryan* is factually distinguishable, because in *Bryan*, the appellant was prevented from presenting new evidence to the school board, and school officials had withheld documentation from a concerned citizen who had requested it. *Bryan*, ¶ 41. Essentially, the School District argues, voiding the decision in the *Bryan* case gave that school board a chance to consider new evidence and reconsider its decision in light of that evidence. *Bryan*, ¶ 55. In the case at hand, the School District maintains, Motta has no new evidence to present that could cause the School District to reach a different result were it to reconsider the Agreement. The School District further points out that the District Court's Order required it to implement a public participation procedure which has rectified the problem and

7

ensures that similar violations will not happen in the future.

¶19 The Agreement at issue was the Collective Bargaining Agreement for the 2000-2001 school year in this school district. The School District asserts,

> Voiding the School's 2000-01 contract with the teacher's union will only cause confusion and waste public resources as the School is now conforming to Montana law. Three members of the School Board have changed since the Appellant brought suit. Several teachers, who taught back in 2000-01, no longer teach at the School. The teachers have already performed their teaching and have been paid for teaching the 2000-01 School year. . . . The District Court acted reasonably and justifiably by not voiding the contracts, but providing for future compliance.

As a practical matter, we are at a loss to determine what would be the legal effect, if any, were we to void an Agreement which has run its course and has presumably expired. While Motta asserts in his Brief, "Respondents effectively continue to benefit from their overt violation of open meeting laws," he presents us with no evidence to support this claim.

¶20 In *Bryan* we were faced with a situation where voiding the decision gave the appellant the opportunity to make a presentation to the school board which could cause that board to reconsider its decision to close certain schools in Billings. *Bryan*, ¶ 55. As indicated above, the situation at hand is different. Because the Agreement at issue expired in 2001, nothing Motta now argues concerning that contract would impact any future decision of the Board. Regardless of the merits of his position, Motta cannot at this juncture resurrect an expired contract.

¶21 Returning to § 2-3-213, MCA, the language of the statute clearly leaves the issue of whether to void any decisions reached at a meeting held in violation of Montana's Open

8

Meeting Laws to the discretion of the District Court. We conclude that the District Court did not abuse its discretion when it refused to void the Agreement which resulted from the February 13 meeting. Thus, we determine that the District Court did not err when it awarded only partial summary judgment to Motta, and we affirm on Issue One.

## ISSUE TWO

¶22 Did the District Court abuse its discretion when it did not award costs to Motta pursuant to § 2-3-221, MCA?

¶23 Motta argues that as the prevailing party, he should have been awarded his costs, pursuant to § 2-3-221, MCA. The School District does not address Motta's argument regarding costs, but simply asserts in its Brief that the District Court's decisions were discretionary and that the court did not abuse its discretion in reaching them, and should thus be upheld.

¶24 The District Court did not address Motta's prayer for costs of suit in its Order. Section 2-3-221, MCA, provides, "A plaintiff who prevails in an action brought in district court to enforce his rights under Article II, section 9, of the Montana constitution [*sic*] may be awarded his costs and reasonable attorneys' fees." The decision to award such costs and fees is discretionary. *Gaustad v. City of Columbus*, 265 Mont. 379, 382, 877 P.2d 470, 472.

¶25 Although Motta did not receive all of the remedy he desired, he did prevail in an action to enforce his rights under Article II, Section 9, of the Montana Constitution. It is thus up to the discretion of the District Court, pursuant to § 2-3-221, MCA, to determine whether

9

to award his costs. (Because Motta acted *pro se* throughout this proceeding, there are no attorneys' fees for him to recover.)

¶26 In *Gaustad*, appellant Gaustad appealed the District Court's denial of her costs and fees pursuant to § 2-3-221, MCA, after she had prevailed in an action brought under Article II, Section 9, of the Montana Constitution. *Gaustad*, 265 Mont. at 380, 877 P.2d at 471. The District Court did not offer a rationale for its denial of her costs and fees. *Gaustad*, 265 Mont. at 381, 877 P.2d at 471. We held that, while an award of fees and costs pursuant to § 2-3-221, MCA, is discretionary, an outright denial without a sufficient rationale is an abuse of that discretion. *Gaustad*, 265 Mont. at 383, 877 P.2d at 472.

¶27 In the case at hand, the District Court did not deny the request for costs; rather, it failed to address the issue at all. From the record, we do not know if the District Court intended to deny Motta's request for costs, or if it simply neglected to address the issue. Thus, we remand to the District Court on this issue so that it may determine whether to award Motta his costs pursuant to § 2-3-221, MCA, and to set forth its rationale should it choose to deny him this remedy.

## CONCLUSION

¶28 For the foregoing reasons, we affirm the District Court on Issue One and remand on Issue Two.

/S/ PATRICIA O. COTTER

We Concur:

10

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE