No. 04-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 386N

RICHARD MOTTA,

       Plaintiff and Appellant,

   v.

PHILIPSBURG SCHOOL BOARD TRUSTEES,
DISTRICT #1, CHARLIE GOFF, MARIE CONN,
ED DALLASERRA, TOM HOOD, WARREN ANDERS,

       Defendants and Respondents.


APPEAL FROM:    The District Court of the Third Judicial District,
                    In and For the County of Granite, Cause No. DV 2001-07,
                    Honorable Ted L. Mizner, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

            Richard A. Motta, Pro Se, Philipsburg, Montana

       For Respondents:

            Blaine C. Bradshaw, County Attorney, Philipsburg, Montana


                           Submitted on Briefs:  October 14, 2004

                                   Decided:  December 28, 2004

Filed:

                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Richard A. Motta appeals from the District Court's order denying his request to void the 21st Century Community Learning Center grant (Grant) application.

¶2     Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that settled Montana law clearly controls the legal issues raised in this appeal.  Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

## BACKGROUND

¶3     Many of the facts of this case are the same as those in *Motta v. Philipsburg Sch. Bd. Trustees Dist. #1*, 2004 MT 256, 323 Mont. 72, 98 P.3d 673.  In addition to the facts recited there, the Philipsburg School Board of Trustees specifically gave the district superintendent, Dr. David Lee, authority to apply for the Grant.

¶4     Generally, Lee gave the teachers at the school the opportunity to write the grant application that Lee, then, submits to the United States Department of Education, but the controversy Motta created that surrounded the Goals 2000 Grant dissuaded teachers from writing the grant application.  Lacking an application, Lee could not and did not apply for the Grant.  The District Court concluded the lawsuit to void a grant for which Lee never applied is frivolous and decided to sanction Motta.  We affirm.

2

## STANDARD OF REVIEW

¶5     The decision to grant summary judgment is a matter of law that we review *de novo*. If the non-moving party fails to provide substantial evidence raising a genuine issue of material fact, the District Court must decide whether the moving party is entitled to judgment as a matter of law.  This Court reviews that decision "to determine whether the District Court erred."  *Motta I*, ¶ 11.

## DISCUSSION

¶6     Motta appeals from the District Court's refusal to void a grant for which Lee never applied.  We agree that this lawsuit is frivolous.  We affirm the District Court's dismissal and affirm the District Court's sanctions against Motta.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE